**RB TOWN & COUNTRY REALTY, INC., Plaintiff,**

v.

**TLC BEATRICE INTERNATIONAL HOLDINGS, INC., and Mantecados Payco, Inc., Defendants and Third–Party Plaintiffs,**

v.

**BANCO POPULAR DE PUERTO RICO, Third–Party Defendant.**

Civil No. 96–1106 (JAF).

United States District Court,
D. Puerto Rico.

May 8, 1997.

Eugenio C. Romero, San Juan, PR, for Plaintiff.

William Santiago–Sastre, Melendez–Perez, Moran & Santiago, San Juan, PR, for Defendants.

Alberto Rodriguez–Ramos, Martinez, O'Dell & Calabria, San Juan, PR, for Third–Party Defendant.

### OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, RB Town & Country Realty, Inc. (RB Town), and third-party defendant, Banco Popular de Puerto Rico (BPPR), request that we disqualify the law firm of Meléndez–Pérez, Morán & Santiago (MPMS) as counsel for codefendants, TLC Beatrice International Holdings, Inc. (TLC), and Mantecados Payco, Inc. (Payco).

Ernesto Mélendez–Pérez, a partner at MPMS, notarized the Purchase and Sale Deed, previously drafted by firm attorneys, whereby MPMS' client, Payco, sold its property on Chardón Avenue, in Hato Rey, Puerto Rico, to BPPR. Mr. Meléndez–Pérez and his firm were and continued to be counsel to Payco and its parent company, TLC, at all times prior to, as well as after the drafting and signing of the deed of conveyance. In the instant case, Payco and TLC filed a third-party complaint against BPPR, claim-

ing that any brokerage fee, damages, interest, costs, attorney's fees or expenses that Payco may owe RB Town should be satisfied by BPPR under the terms of the realtor indemnity clause included in both the deed authenticated by Mr. Meléndez–Pérez and in the real estate contract executed by BPPR and Payco.

RB Town and BPPR argue that the fact that Mr. Meléndez–Pérez has served both as notary and attorney in the drafting and signing of the deed for Payco and TLC presents a professional conflict of interest that violates the Puerto Rico Notarial Law, 4 L.P.R.A. § 2001–2141 (1994). They claim that Mr. Meléndez–Pérez and his firm must not engage in representing Payco and TLC against BPPR in the present litigation in which precisely the nature, intent, and interpretation of the deed's realtor indemnification clause is at issue.

After examining the Puerto Rico Notarial Law and the pertinent regulations with care and caution, we tend to agree. Even though in Puerto Rico, only attorneys may become notaries, the practice of notarial law is nevertheless distinct from the regular practice of law. One of the most important differences is that the ethical duty of notaries is not to represent zealously the interests of their clients, but rather to serve as an impartial observer and guarantor of the authenticity of the legal acts that they certify. 4 L.P.R.A. § 2002; Puerto Rico Notarial Regulations, R. 2 & 4. In particular, Rule 5 of the Notarial Regulations declares that the practice of the profession of attorney may be on some occasions incompatible with notarial practice, and provides some specific examples of situations in which such dual practice is prohibited. *See* Puerto Rico Notarial Regulations, R. 5.

Notarial Rule 5 specifically addresses the issue before the court. Rule 5 forbids an attorney from representing a party to a public instrument authorized by such attorney, acting as a notary public, in a subsequent litigation to enforce the obligations imposed on the other contracting party in the public instrument. *Id. See also In Re Luis E. Colón Ramery,* 95 J.T.S. 91, 1031 (1995).

Generally, this prohibition does not extend to partners and associates of the authorizing notary's firm because a notary's responsibility is personal and indissoluble. *Id.* at 1032. However, members of a law firm cannot represent any contracting party to a document executed by a notary in the same firm where any agreement included in the document is at issue. Puerto Rico Notarial Regulations, R. 5.

In the case at hand, Rule 5 appears to prohibit Mr. Meléndez–Pérez and his firm from continued representation of Payco and TLC. To avoid even the appearance of impropriety, Mr. Meléndez–Pérez should have refrained from playing the litigator role by advocating here for the enforcement of a contractual clause, for the benefit of Payco, in a document drafted by his firm and which he notarized. Prudence mandates this result, even though BPPR was at all times aware of, and did not object to, the notarial involvement of Mr. Meléndez–Pérez, who was also TLC and Payco's attorney. Therefore, since the validity of the realtor indemnity clause included in the deed is in question, Mr. Meléndez–Pérez and MPMS members should be disqualified from representing Payco and TLC in the present case.

Accordingly, and out of an abundance of caution, the motion to disqualify Mr. Meléndez–Pérez and MPMS from continuing to represent Payco and TLC in this case is **GRANTED. Substitute counsel shall be retained within ten (10) calendar days.**

This order disposes of *Docket Document Nos. 45. 48, 51, 52, & 53.*

**IT IS SO ORDERED.**